**In re Michael and Donna Marie RUANE, Debtors.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA, Plaintiff,**

v.

**Michael E. RUANE and Donna M. Ruane and James J. O'Connell, Trustee, Defendants.**

Bankruptcy No. 81–01195G.

Adv. No. 81–0782G.

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 20, 1981.

## FACTS

## ISSUE

## ORDER

Now, therefore, IT IS ORDERED, ADJUDGED AND DECREED that the complaint should be, and it hereby is, dismissed.

Joseph F. Mikolaitis, Philadelphia, Pa., for plaintiff, First Federal Savings and Loan Association of Philadelphia.

Sidney D. Rosenblatt, Philadelphia, Pa., for defendant, Michael E. Ruane and Donna M. Ruane.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented is whether the plaintiff is entitled to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") to permit it to proceed with mortgage foreclosure against the residence of the defendants/debtors. We conclude that the plaintiff is entitled to the requested relief because the debtors lack equity in their property and because the debtors have failed to provide the plaintiff with adequate protection of its interest in their property.

The facts of the instant case are as follows:[1] On November 30, 1977, Michael E. and Donna M. Ruane ("the debtors") executed a note in the amount of $24,000 to Forbes Mortgage Company ("Forbes") and a mortgage securing that note on the debtors' residence located at 4652 Shelbourne Street, Philadelphia, Pennsylvania. That mortgage was thereafter assigned to First Federal Savings and Loan Association of Philadelphia ("the plaintiff"). The mortgage and assignment were duly recorded.

Beginning in March, 1980, the debtors failed to make the current monthly mortgage payments due the plaintiff. The plaintiff began mortgage foreclosure proceedings in state court, obtained judgment against the debtors and had the debtors' residence listed for sheriff's sale on April 6, 1981. On April 3, 1981, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. Thereafter, on July 9, 1981, the plaintiff filed the instant complaint for relief from the stay.

Section 362(d) states the grounds necessary for relief from the stay and provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

At the trial of the instant complaint, the only evidence presented on the issue of the debtors' equity in their property was that of the plaintiff's witnesses. They testified that the amount of the debt owed the plaintiff, as of August, 1981, was $29,364.30 while the fair market value of the debtors' residence is $30,000.00. One of the plain-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

tiff's witnesses also testified that the difference between those two figures would not be enough to cover the costs of the sale (public or private) of the debtors' residence. Based on that evidence (and the lack of any contravening evidence on the part of the debtors), we conclude that the debtors lack equity in their home.

 The plaintiff also offered evidence that the debtors had missed a total of 15 monthly mortgage payments, that the plaintiff had had to incur numerous costs because of that default and that the total of those arrearages and costs were almost $6,000. Based on that evidence, the plaintiff asserted that it lacked adequate protection of its interest in the debtors' property because the debtors would be unable to pay those costs and arrearages within a reasonable time while at the same time making the current mortgage payments. In response, the debtor-husband testified that they had made their current mortgage payments and had made the payments required under their plan to the chapter 13 standing trustee since June, 1981.

We conclude that the debtors have failed to sustain their burden of establishing that the plaintiff's interest is adequately protected.[2] This is so because the debtors failed to establish what the amount of their payments to the trustee is and how much of those payments will go to the plaintiff on account of the arrearages. Without such evidence, we cannot say that the debtors have offered the plaintiff adequate protection of its interest in their property.

Furthermore, on cross examination of the debtor-husband, the plaintiff established that the debtors' plan listed the arrearages due to the plaintiff at almost half of what the plaintiff had established at trial was due. In addition, the debtor-husband admitted that the debtors' plan provided for a $1,000 payment to the plaintiff as soon as the debtors' tax refund check came in and that the debtors had not made that payment but had, instead, used that money to pay other creditors.

2. *See* 11 U.S.C. § 362(g)(2).

Based on all of the above, we conclude that the plaintiff is entitled to relief from the automatic stay pursuant to § 362(d)(1) and § 362(d)(2).